**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30280 |
| Plaintiff - Appellee, | D.C. No. 6:09-cr-60061-AA-1 |
| v. | |
| RODNEY MEAD PELLING, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted December 6, 2011
Seattle, Washington

Before: TASHIMA, McKEOWN, and TALLMAN, Circuit Judges.

Rodney Pelling was arrested after police found erotica in a motel room he

shared with his twelve-year-old daughter, and naked pictures of her on his digital

camera. Pelling argues that the district court erred in denying his motion to

suppress. We review de novo a district court's ruling on a motion to suppress.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*United States v. Bautista*, 362 F.3d 584, 589 (9th Cir. 2004). Factual findings are reviewed for clear error. *United States v. Bynum*, 362 F.3d 574, 578 (9th Cir. 2003). The record amply supports the district court's determination that Pelling consented to talk with the deputies, to their search, and then to accompany them to the Sheriff's Office. The district court also concluded that even if the deputies' initial encounter with Pelling was non-consensual, it was supported by a reasonable suspicion that criminal activity was afoot. *See Adams v. Williams*, 407 U.S. 143, 146 (1972) (articulating the now well-established reasonable suspicion exception to the warrant requirement). We affirm the district court's denial of Pelling's motion to suppress.

Pelling also argues that the district court should have admitted his proposed expert testimony regarding a claimed impulse control disorder. We review for abuse of discretion the district court's decision to exclude expert testimony. *United States v. Verduzco*, 373 F.3d 1022, 1032 n.6 (9th Cir. 2004). The district court has broad discretion to assess the relevance and admissibility of expert testimony. *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002). To resolve this issue, we need not decide whether the crimes with which Pelling was charged are general or a specific intent crimes. Either way, the district court's

exclusion of the expert evidence as irrelevant and inadmissible was not an abuse of discretion.

AFFIRMED.